<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| _____ : | |
| KENNETH TYRONE DAVIS,           : | |
|                              : | |
|           Plaintiff,    : | Civil No. 07-0980 (WJM) |
|                              : | |
|           v.           : | |
|                              : | |
| MET LIFE INSURANCE COMPANY,  : | **OPINION** |
|                              : | |
|           Defendants.   : | |
| _____ : | |

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Kenneth Tyrone Davis
Dooly State Prison
P.O. Box 750
Unadilla, GA 31091

**MARTINI**, District Judge

Plaintiff, a prisoner confined at Dooly State Prison in Unadilla, Georgia, seeks to bring a civil action <u>in</u> <u>forma</u> <u>pauperis</u>,[1] without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983 and asserting jurisdiction under 28 U.S.C. § 1332, 28 U.S.C. §§ 1330-1363, 28 U.S.C. §§ 1391-1407, and 28 U.S.C. §§ 2071-77.

---

[1] Suits brought <u>in</u> <u>forma</u> <u>pauperis</u> are governed by 28 U.S.C. § 1915.

1

I.  BACKGROUND

Plaintiff alleges that the defendant Met Life Insurance Company improperly paid out to another the proceeds of an insurance policy to which he was a beneficiary.  Plaintiff alleges that the amount improperly paid out was $16,848 and he seeks damages in the amount of $33,696.

This Court previously entered a Memorandum and Order [2] denying Plaintiff's application for leave to proceed in forma pauperis,[2] administratively terminating this action, and granting Plaintiff leave to move to re-open this matter by submitting a complete application for leave to proceed in forma pauperis and a proposed amended complaint setting forth the grounds upon which this Court's jurisdiction depends.

This matter is again before the Court pursuant to Plaintiff's submission of a complete application for leave to proceed in forma pauperis, including the required institutional account statements, accompanied by a statement that this Court has jurisdiction over this action because Plaintiff is a citizen of New Jersey. [Docket Entry No. 3.]

Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed in forma pauperis

---

[2] Plaintiff had failed to submit the institutional account statements required by 28 U.S.C. § 1915.

2

pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

## II.   ANALYSIS

As this Court stated in its earlier Memorandum and Order, the allegations of the Complaint do not suggest a basis for federal jurisdiction.  Plaintiff's assertion that this Court has jurisdiction because Plaintiff is a citizen of New Jersey fails to cure the deficiencies noted previously.

For example, a plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).  Here, Plaintiff has alleged solely the breach of an

insurance policy by an insurance company that does not appear to be a state actor.

Nor has Plaintiff alleged facts sufficient for this Court to find that it can exercise diversity jurisdiction under 28 U.S.C. § 1332.  Section 1332 provides jurisdiction over state-law claims if, in the provision pertinent here, such claims are between "citizens of different States."  It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, i.e., each plaintiff must be a citizen of a different state from each defendant.  Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365 (1978).  In the present case, Plaintiff initially failed to allege the citizenship of either of the parties.  A corporation, such as Met Life Insurance Company may be, is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c).  Plaintiff has failed to allege the citizenship of Met Life Insurance Company.  In his recent submission, Plaintiff has alleged that he is a citizen of New Jersey.  Nevertheless, Plaintiff still has failed to provide citizenship information sufficient to enable this Court to determine whether the parties are of diverse citizenship in this state-law breach-of-contract claim.  In any event, Plaintiff has not alleged that the matter in controversy

exceeds the sum or value of $75,000; to the contrary, Plaintiff alleges that the amount in controversy is $33,696.

To the extent Plaintiff intends to assert a federal claim over which this Court would be able to exercise jurisdiction pursuant to 28 U.S.C. § 1331, the Complaint fails to allege facts sufficient to suggest a basis for jurisdiction.[3]

III.  <u>CONCLUSION</u>

For the reasons set forth above, the Complaint must be dismissed without prejudice for lack of jurisdiction.  An appropriate order follows.

s/William J. Martini

_____
William J. Martini
United States District Judge

---

[3] The citation of multiple federal jurisdiction and venue statutes in shotgun fashion is not sufficient to satisfy Rule 8 of the Federal Rules of Civil Procedure.  For example, Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1330.  Section 1330, however, establishes the jurisdiction of federal courts in actions against foreign states.  There is no suggestion that Met Life Insurance Company is a foreign state as defined in 28 U.S.C. § 1603(a).